COMMONWEALTH *vs.* ANDREW MOULTON.

A complaint that M. sold intoxicating liquor to B., to be used and drank by B. in "the dwelling-house by the said M. used and occupied," sufficiently avers that the liquor was to be used in the house of M. within Rev. Sts. *c.* 47, § 2.

THE defendant, being convicted before a justice of the peace, and on his appeal, also in the court of common pleas, on a complaint for a single sale of intoxicating liquor, contrary to Rev. Sts. *c.* 47, § 2, and *St.* 1850, *c.* 232, moved to arrest the judgment, because the complaint did not sufficiently aver that the sale was in his house or other building.

The complaint charged that the defendant, at Newton, &c., sold to one George T. Stetson, "intoxicating liquor, to be then and there used, consumed and drunk by said Stetson, in the dwelling-house there situate, called the ' Nonantum House,' and by the said Moulton, then and there used and occupied, &c." The motion was overruled, and the defendant appealed to this court.

*B. F. Butler*, for the defendant.

*Clifford*, (attorney-general,) for the commonwealth.

DEWEY, J. The only question in the present case is, as to the sufficiency of the allegation in the indictment, as to the house in which the liquor sold was to be used by the vendee. The statute prohibition is, as to selling intoxicating liquor, " to be used in or about the house" of the vendor. It might have been more technical to have charged the offence as one of a sale of intoxicating liquor to be used in his dwelling-house. But we think it furnishes no ground for arresting the judgment that it is charged in the manner stated in this complaint. The word "his house," could have designated nothing more than the place where he sells or carries on the business of selling liquor. *Commonwealth* v. *Hadley*, 11 Met. 72. In the present case, it is alleged that the liquor was sold to be " used, consumed, and drunk in the dwelling-house, by the said Moulton, then and there used and occupied." This was sufficient.

*Motion in arrest of judgment overruled.*